IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: DR. PEPI SCHAFLER           CIVIL ACTION NO. PJM-10-1893

**MEMORANDUM OPINION**

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law. *See* 28 U.S.C. § 1651. Generally, federal district courts may review writs of habeas corpus filed pursuant to 28 U.S.C. §§ 2241 & 2254, where individuals are complaining of unconstitutional restraint or custody. This action was filed as a "Petition for Writ of Habeas Corpus" by Pepi Schafler (hereinafter referred to as "Schafler"), a resident of North Bethesda, Maryland. In an attempt to understand the background of this case, the Court shall provide a chronological factual history of Schafler's prior filings in this district.[1]

On March 26, 1996, Schafler filed a voluntary petition for relief under Chapter 7 of the Bankruptcy code in the United States Bankruptcy Court for the District of Maryland. Scott D. Field was appointed Trustee. Field held a required meeting with Schafler to conduct an examination of her holdings. On July 7, 1996, after the examination was completed, the case was closed and Field was discharged as trustee. Almost two years later Field was contacted by an associate of Schafler's ex-husband who revealed to Field that Schafler has concealed assets in her prior bankruptcy. Field moved to re-open Schafler's Chapter 7 proceeding and the Bankruptcy Court reopened the case on May 7, 1998. Schafler moved to reclose the case. On June 24, 1996,

---

[1] In the Caption of her "Petition" Schafler cites to two bankruptcy actions filed in this district, Case Nos. 96-12203-DK and 96-12203-WIL.

the United States Trustee appointed Field as the trustee, retroactive to May 7, 1998. A Special Meeting of Creditors was set by the United States Trustee for July 14, 1998. On October 6, 1998, the Maryland Bankruptcy Court held a hearing on all outstanding motions, including Schafler's motion to convert her case to a Chapter 13 and a motion to dismiss. The Bankruptcy Court granted her motion to convert. The Chapter 13 plan was eventually denied because of Schafler's failure to cooperate with Field and because she appeared to be attempting to shield assets from the administration of the bankruptcy. As a result, the Bankruptcy Court returned the case to a Chapter 7 action. During the proceedings, Schafler relocated to California. The bankruptcy matter was transferred to the United States Bankruptcy Court for the Northern District of California.

Schafler was apparently in great discord with Field's performance as Trustee; so much so that on April 2, 2001, Schafler, then a resident of California, filed a personal injury suit pursuant to 28 U.S.C. § 1332 against Field and the accounting firm in which he was a partner. *See Schafler v. Field, et al.,* Civil Action No. AW-01- 984 (D. Md.). After briefing by the parties, on August 15, 2001, the case was dismissed on defendants' motion. The judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on February 5, 2002.

On April 15, 2002, Schafler again filed suit against Field and the accounting firm of Reznick, Fedder, & Silverman, once more raising personal injury claims under 28 U.S.C. § 1332. *See Schafler v. Field, et al.,* Civil Action No. AW-02-1308 (D. Md.) The Court dismissed the matter on defendants' motion on July 25, 2002. The judgment was affirmed by the Fourth Circuit on November 13, 2002. *See Schafler v. Field*, 50 Fed. Appx. 625 (4th Cir. 2002).

On July 7, 2009, Schafler filed suit in the Circuit Court for Montgomery County, Maryland against HSBC Bank USA and M & T Bank Corporation and individuals Scott D. Miller, Phillip

Lytle, David J. MacNamara, Michael B. Powers, and James H. French. Defendants removed the matter to this Court, invoking 28 U.S.C. § 1332 diversity jurisdiction. *See Schafler v. HSBC Bank USA, et al.*, Civil Action No. AW-09-1758 (D. Md.). The complaint leveled claims of "civil conspiracy, racketeering, fraud, theft, conversion, overt concealment, false representation, bad faith, abuse of process, bullying, lying to the tribunal, serial perjury and forgery, defamation, and libel, overt falsehoods, invasion of privacy by intrusion, intentional infliction of mental distress." The action raised allegations of a "Ponzi" scheme and scam involving the purported theft, conversion and laundering of Schafler's funds arising in 1985 by defendant bank institutions and individuals in complicity with Schafler's ex-husband. After briefing by the parties, on October 9, 2009, the complaint was dismissed on defendants' motion. *Id.*, ECF Nos. 49 & 50. The Court observed that Schafler's claims arose out of 1985 incidents involving her former husband's improper withdrawal of funds and that as the issue had been extensively litigated before the New York State court, it was barred by *res judicata*. The Court also concluded that the claims were barred by the applicable statute of limitations and that the named defendants were not subject to the personal jurisdiction of the Court as they had no ties to Maryland and the activities at issue in the complaint did not arise in Maryland. Defendants' request to impose sanctions on Schafler was granted after she was afforded notice and opportunity to respond. The Court enjoined Schafler from filing any action related to the facts or parties in the action without leave of court and ordered her to remit defendants' reasonable attorneys' fees and other costs. *Id.*, ECF No. 55. The Fourth Circuit affirmed the judgment on June 1, 2010. *See Schafler v. HSBC Bank USA,* 381 Fed. Appx.282 (4th Cir. 2010).

Turning to the current 29-page filing styled as a habeas corpus petition, the Court has read the document and shall dismiss the case without requiring further action.[2] Pared down to its essentials, Schafler initially complains about the actions of "malfeasants" involving alleged bribes, trafficking, racketeering, and biased court proceedings related to her Chapter 7 action in Maryland and California. Her statement of facts relates to actions of and proceedings involving her former husband and her bankruptcy proceedings, including claims involving Field, U.S. Bankruptcy Judge Duncan Keir, M & T Bank Corporation and HSBC Bank USA and other unnamed "predators." She asks that Judge Keir's orders issued in the bankruptcy proceeding be vacated as they "led to scandalous misconduct, bribery, and the loss of [Schafler's] exempt retirement funds."

The "Amended Petition for Habeas Corpus" includes additional exhibits, which have been entered into the record and considered. ECF No. 2. The exhibits discuss the alleged activities of Schafler's former husband; document her 1996 bankruptcy filing in this Court by Montgomery County, Maryland counsel and the appointment and actions of Field as trustee; present materials from New York State appellate court proceedings; include court papers from her Chapter 7 filing; raise salacious and sensational accusations against her former husband and his associates; and document a finding of the California Bar Association. *Id*.

To the extent that Schafler's new action seeks to raise any issues involving actions of banking institutions or individuals set out in her prior New York State actions or *Schafler v. HSBC Bank USA, et al.*, Civil Action No. AW-09-1758 (D. Md.), the Court's pre-filing injunction enjoins her from doing so without leave of court. She may not circumvent the bar by styling her action as a

---

2   The Court has also examined Schafler's Amendment, filed on November 24, 2010. ECF No. 2.

Petition for Writ of Habeas Corpus. The Court declines to grant her leave to proceed anew on such issues.

Further, Schafler may not invoke the Court's habeas corpus jurisdiction under the facts of this case. Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) provide that federal courts have jurisdiction to entertain applications for writ of habeas corpus only if a petitioner is "in custody" in violation of the laws, treaties or Constitution of the United States. The term "custody" does not necessarily mean actual physical detention in jail or prison. It may be liberally construed as "restraints on a man's liberty, restraints not shared by the public generally." *See Jones v. Cunningham*, 371 U.S. 236, 240 (1963). Schafler, under any interpretation of her circumstances, is not in custody under the statutory provisions for habeas corpus relief.

Finally, when separating the chaff from the wheat, this filing clearly represents Schafler's attempt to revisit all aspects of her 1996 bankruptcy proceeding. This she shall may not so do. According to the docket in *In Re Pepi Schafler*, Bankruptcy Petition # 96-12203 (Bank. Ct. Md.), the proceeding was transferred to the United States Bankruptcy Court for the Northern District of California on February 26, 1999 and the case was closed on March 11, 1999. Schafler peppered the bankruptcy court in this district with various motions and petitions in 2009, but she received deficiency notes informing her that the court no longer retained jurisdiction over the case and that relief must be sought in the U.S. Bankruptcy Court in Northern District of California. Schafler's bankruptcy proceeding in this district was closed and transferred over eleven years prior to her filing the instant case. This Court would lack jurisdiction to examine any arguable appellate claim

regarding bankruptcy issues. Any challenges to that proceeding should be filed in the California bankruptcy court in *In Re Pepi Schafler*, Bankruptcy Petition # 99-42138 (Bank. Ct. N.D. Ca.).[3]

For the foregoing reasons the "Petition" is dismissed. The habeas corpus relief sought by Schafler shall not issue. A separate Order follows.

February 17, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] Indeed, a review of the docket for the United States District Court for the Northern District of California shows that Schafler filed a Petition for Writ of Habeas Corpus on June 16, 2010, raising issues similar to those set out herein. *See Schafler v. Court of Appeals Panel,* 10-mc-80137-VRW (N.D. Ca. 2010). No action has been taken on that matter. According to the federal court PACER docket, Schafler has filed approximately fifteen cases in that court, most of which relate to her bankruptcy proceedings and her allegations against HSBC Bank USA. *See* Civil Action Nos. 99-3601-CRB, 01-380-CRB, 01-mc-83-CRB, 01-535-CRB, 01-1818-CRB, 02-3405-CRB, 03-5034-CRB, 04-2535-CRB, 04-1354-CRB, & 06-5908-PJH (N.D. Ca.).

6